### In re GASTEIGER.

(District Court, E. D. New York. April 24, 1923.)

Bankruptcy ⊚⇒242(2)—Claim of privilege sustained.

A witness before a referee in bankruptcy *held* justified in refusing to answer a question on the ground that the answer might tend to incriminate and degrade her.

In Bankruptcy. In the matter of John G. Gasteiger, bankrupt. On motion to adjudge Sadie Strauss, a witness, in contempt for refusal to answer a question before the referee. Motion denied.

Leopold Blumberg, of New York City, for creditors.
Charles Edward Russell, of New York City, for Sadie Strauss.

CAMPBELL, District Judge. This is a motion to adjudge Sadie Strauss, a witness, in contempt, to direct her to answer the questions certified, and in default thereof commit her for refusing to answer the same. I have carefully read the testimony of this witness, taken before Edward C. McDonald, referee in bankruptcy, and find that he has correctly ruled on all questions asked of her, except the following question:

"Q. Mrs. Strauss, will you please take a look at this signature? I ask you whether that is your handwriting?"

The signature referred to, being a signature affixed to the paper marked Trustee's Exhibit 1 for Identification, which paper purported to be a lease or conditional bill of sale between the Cowperthwait Company and Mrs. Sadie Godfrey, of No. 113 Henry street, borough of Brooklyn, city of New York, covering certain household furniture.

As to this question I believe that the referee made an erroneous ruling, when he directed the witness to answer the same over her objection that it might tend to incriminate and degrade her. The witness was a married woman; the bankrupt was a married man, the witness and bankrupt not being husband and wife. The attorney who was conducting the examination on behalf of the trustee claimed that it was his purpose to show that the bankrupt had been known by his

first and middle name, John Godfrey, and resided at No. 113 Henry street.

Under the circumstances it does not seem to me that any extended argument is required to show that to require the witness to answer the question propounded would, if her answer was in the affirmative, undoubtedly degrade her in the eyes of all right-thinking people, and might subject her to prosecution for a criminal offense, not to say anything about what part it might play in an action brought against her for divorce, or for alienation of the affections of the bankrupt. I believe that she had a perfect right to stand on her constitutional objection, and that her claim was one that she was justified in making.

I therefore overrule the ruling of the referee and relieve the witness from the necessity of answering the question certified.

Motion denied.